Appeal by a patrolman of the City of Mount Vernon, pursuant to section 120 of the Charter of the City of Mount Vernon (L. 1922, eh. 490, as amd.), from two determinations of the Commissioner of Public Safety of the City of Mount Vernon, dated August 28, 1958. One determination reprimanded appellant and suspended sentence “ as of this date without pay from the date of his suspension, January 15th, 1958 ” for an infraction of the rules and regulations of the Department of Public Safety. The second determination dismissed him from the police force “ as of this date, without pay, from the date of his suspension ”, upon charges dated June 12, 1958, involving another infraction of the same rules and regulations. Determination suspending appellant without pay from January 15, 1958 to August 28, 1958 annulled, and matter remitted to the Commissioner for imposition of whatever sentence he deems appropriate, not inconsistent with the powers conferred upon him by the rules and regulations of the Department of Public Safety. On January 31, 1958 appellant pleaded guilty, with an explanation, to a charge of being absent without leave on January 15, 1958. Decision on that charge was reserved. On August 28, 1958 appellant was suspended without pay from January 15, 1958 to the date of the determination. While paragraph 368 of the rules and regulations of the Department of Public Safety empowers the Commissioner to suspend a subordinate whenever in his opinion such action is necessary, there is no provision for suspension without pay, except when it relates to punishment, in which case paragraph 371 provides that the punishment without pay may not exceed 30 days (Mount Vernon City Charter, § 119; L. 1922, ch. 490, as amd.; see, also, Sullivan v. Whitney, 25 N. Y. S. 2d 762). Determination dismissing appellant modified by providing that the date of the dismissal, without pay be August 28, 1958, the date of said determination. As so modified, determination unanimously confirmed. It appears that on June 12, 1958 (while under suspension for the January 15, 1958 infraction) appellant was charged with violation of subdivision 16 of paragraph 371 of the rules and regulations, which reads: “ Conduct subversive to good order and discipline of the Department.” This charge arose out of the following facts: Appellant, while in Florida on vacation, was arrested on a charge of driving while intoxicated on August 9, 1957. At the trial the jury disagreed. On May 21, 1958 the driving while intoxicated charge was ordered “nolle Prosequi” and reduced to reckless driving, to which appellant, *726 m absentia, but through his attorney, pleaded guilty and was fined $100. Departmental charges involving the above were made on June 12, 1958. The hearing took place on July 28, 1958 and resulted in a dismissal from the force “as of this date, without pay, from the date of his suspension.” We are of the opinion that the proof of the conviction for reckless driving, plus the surrounding circumstances, was sufficient to support the finding of the Commissioner. Under the circumstances disclosed, the dismissal from office should not antedate the determination. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.